**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON D.C., 4820 Lake Brook Drive, Suite 300 Glen Allen, Virginia 23060, <br><br>Plaintiff, <br><br>v. <br><br>STEVE KEMPER BUILDERS, LLC, 536 SE State Route 291 Lees Summit, Missouri 64063 SERVE ON: National Registered Agents, Inc. 351 West Camden Street Baltimore, Maryland 21201, <br><br>ACCORD MARKETING AND MANAGEMENT, INC. d/b/a ACCORD GROUP, 536 SE State Route 291 Lees Summit, Missouri 64063 SERVE ON: Dustin Doll 536 SE State Route 291 Lees Summit, Missouri 64063, <br><br>DEVON WOLFENSBERGER, 15944 Rhododendron Drive Hagerstown, Maryland 21740, <br><br>AND <br><br>JULIE BURTNER, 15944 Rhododendron Drive Hagerstown, Maryland 21740, <br><br>Defendants. | CASE NO.: _____ <br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

1

Plaintiff, Fireman's Insurance Company of Washington, D.C. ("Firemen's") by and through its counsel, KIERNAN TREBACH LLP, and pursuant to 28 U.S.C. §§ 1332 and 2201, hereby files its Complaint for Declaratory Judgment seeking a declaration that Firemen's does not owe a defense or indemnity to Defendants, Steve Kemper Builders, LLC ("SKB"); Accord Marketing and Management, Inc. ("Accord") (collectively "Defendants"), and does not owe indemnity to Devon Wolfensberger and/or Julie Burtner (collectively the "Underlying Plaintiffs") with regard to an underlying suit styled as *Devon Wolfensberger et al. v. Badreddine Hadidane et al.*, filed in the Circuit Court for Washington County, Maryland as Case No. C-21-CV-22-000133, and subsequently removed to the United States District Court for the District of Maryland, Case No. 1:22-cv-1329, in which SKB and Accord are named as defendants (hereinafter the "Underlying Suit"). In support of its claims, Firemen's alleges the following:

## PARTIES

1. Firemen's is an insurance company incorporated under the laws of the State of Delaware with its principal place of business in Glen Allen, Virginia.

2. SKB is a Pennsylvania limited liability company with its principal place of business in Lees Summit, Missouri. Upon information and belief, none of the members of SKB is a citizen of Delaware or Virginia.

3. Accord is a Missouri corporation with its principal place of business in Lees Summit, Missouri.

4. Mr. Wolfensburger and Ms. Burtner are citizens of Washington County, Maryland.

## JURISDICTION

5. The amount in controversy exceeds $75,000. The insurance policy at issue affords coverage subject to $1,000,000 limits of liability. The *ad damnum* clauses in the Underlying Suit

state that the plaintiffs seek compensatory and punitive damages in excess of $75,000. Accordingly, because none of the Defendants is a citizen of Delaware or Virginia, there is complete diversity and this Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

## VENUE

6.  Venue is proper in this Court because (1) Defendants Accord and SKB conduct business in the State of Maryland and, specifically, Washington County, Maryland; (2) the events giving rise to the underlying suit against Accord and SKB took place primarily in Washington County, Maryland; and (3) the Northern Division of this District embraces Washington County.

## FACTS COMMON TO ALL COUNTS

### A.   The Accident

7.  On or around July 23, 2019, Underlying Plaintiffs were riding on Wolfensberger's motorcycle when, according to the Complaint in the Underlying Suit, a motor vehicle operated by Badreddine Hadidane ("Hadidane") "executed a left turn, directly into the path of the Plaintiffs, causing a collision and severe injuries to the Plaintiffs." (the "Underlying Accident").

8.  At all relevant times, Hadidane was employed by Accord.

9.  At the time of the Underlying Accident, Hadidane was operating his own personal vehicle.

### B.   The Firemen's Policy

10.  Firemen's issued a business auto liability policy, policy number CPA 3195510–21 to Oak Crest Contracting, Inc. ("Oak Crest") (the "Policy"). The Policy was in effect from August 1, 2018, to August 1, 2019, and afforded coverage to participating members subject to a per occurrence limit of $1,000,000.  A true and correct copy of the Policy is attached hereto as Exhibit "A".

11. The Insuring Agreement of the Policy provides in pertinent part:

> We will pay those sums that an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a converted "auto."

12. The Insuring Agreement further states:

> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered autos Liability Coverage Limit of Insurance has been exhausted by payments of judgments or settlements.

13. Under "Who is an Insured," the Policy provides that the following are "insureds":

   a. You [Oak Crest] for any covered "auto";

   b. Anyone else while using with your permission a covered "auto" you own, hire, or borrow except:

      i. The owner or anyone else from whom you hire or borrow a covered "auto".

      ii. Your "employee" if the covered "auto" is owned by that employee" or a member of his or her household.

      iii. Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

      iv. Anyone other than your "employees", partners (if you are in a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees," while moving property to or from a covered "auto".

      v. A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

14. The Policy defines "Insured" as "any person or organization qualifying as an insured in the Who is An Insured provision of the applicable coverage."

4

15. The Policy includes "leased workers" as "Employees."

16. The Policy defines "Leased Worker" as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. 'Leased worker' does not include a 'temporary worker.'"

17. Hadidane is not, and has never been, an employee of Oak Crest.

18. The Policy defines "Accident" as including continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

19. Maryland courts have defined "accident" in the liability policy context as "a happening; an event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause, or is an unusual effect from a known cause, and therefore not expected." *Cole v. State Farm Mut. Ins. Co.*, 359 Md. 298, 307, 753 A.2d 533, 538 (2000).

20. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these."

21. The Policy includes an endorsement entitled "Commercial Automobile Expansion Endorsement – Platinum," (the "Endorsement") which provides, in pertinent part:

> **A. NEWLY ACQUIRED OR FORMED ORGANIZATIONS**
>
> The following is added to Paragraph A.1. Who Is An Insured of Section II – Covered Autos Liability Coverage:
>
> Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company or any organization excluded either by this Coverage Part or by endorsement, and over which you maintain ownership or majority interest of more than 50 percent will qualify as a Named Insured.
>
> However:
>
> 1. This insurance does not apply to any newly acquired or formed organization that is an "insured" under any other automobile policy

5

> or would be an "insured" under such policy but for its termination or the exhaustion of its Limit of Insurance.
>
> 2. Coverage under this provision does not apply to "bodily injury", "property damage", expense or "loss" that occurred before you acquired or formed the organization.
>
> 3. Coverage under this provision is afforded only until the 180th day after you acquire or form the organization or the end of the policy period, whichever is earlier.

(*Id.*)

22. SKB is not a newly acquired or formed limited liability company of Oak Crest.

23. Accord is not a newly acquired or formed organization of Oak Crest.

24. Neither SKB nor Accord qualify as additional insureds under Section A of the Endorsement.

25. The Endorsement also provides, in pertinent part:

> **B. ADDITIONAL INSURED BY CONTRACT OR AGREEMENT**
>
> The following is added to Paragraph A.1. Who is an Insured of Section II – Covered Autos Liability Coverage:
>
> When you have agreed in a written contract or agreement to include a person or organization as an additional "insured", such person or organization is included as an "insured" subject to the following:
>
> 1. Such person or organization is an additional "insured" only to the extent such person or organization is liable for "bodily injury" or "property damage" because of the conduct of an "insured" under Paragraphs a. or b. under Paragraph A.1. Who is and Insured of Section II – Covered Autos Liability Coverage, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> 3. The written contract or agreement described above must have been executed prior to the "accident" that caused the "bodily injury"

or "property damage" and be in effect at the time of such "accident."

(*Id*.)

26. Oak Crest does not have a written contract or agreement that required it to name Accord as an additional insured.

27. Oak Crest does not have a written contract or agreement that required it to name SKB as an additional insured.

28. The Policy does not identify Accord as an additional insured in any endorsement or other policy provision.

29. The Policy does not identify SKB as an additional insured in any endorsement or other policy provision.

30. Neither SKB nor Accord qualify for additional insured coverage under Section B of the Endorsement.

### B. The Underlying Action

31. On or around March 21, 2022, Devon Wolfensberger and Julie Burtner filed the Underlying Suit against Mr. Hadidane Accord, SKB, and Oak Crest Contracting, Inc., seeking to recover damages arising out of the Underlying Accident. A true and correct copy of the Complaint in the Underlying Action is attached hereto as Exhibit B.

32. According to the Complaint, Plaintiffs were riding on Wolfensberger's motorcycle, when a motor vehicle operated by Mr. Hadidane "executed a left turn, directly into the path of the Plaintiffs," causing a collision and severe injuries to the Plaintiffs." (*Id*. ¶ 9.)

33. The Complaint alleges that Hadidane breached the following duties of care to the Plaintiffs: (a) paying proper time and attention; (b) yielding the right of way; (c) seeing that which was there to be seen; (d) avoiding striking other vehicles; (e) controlling his spend to avoid a

collision; (f) only executing left turns when safe to do so; and (g) obeying the Rues of the Road and the laws of the State of Maryland.  (*Id.* ¶ 11.)

34. The Complaint further alleges that Mr. Hadidane was an agent or employee of one or more of Defendants SKB, Accord, and Oak Crest and asserts that SKB, Accord, and Oak Crest are vicariously liable for Mr. Hadidane's negligence.

35. On June 1, 2022, the Defendants removed the Underlying Suit to the United States District Court for the District of Maryland.

36. On or about July 18, 2022, Mr. Hadidane filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 22-10928-KHK.  The Underlying Plaintiffs were identified as creditors in that matter.  Mr. Hadidane received a Chapter 7 discharge on or about October 18, 2022.

37. On or about December 21, 2022, Underlying Plaintiffs filed a "Status Report" in the Underlying Suit (D.E. 23) disclaiming any intention to pursue claims against Mr. Hadidane personally, and declaring that they would only pursue claims against Mr. Hadidane to the extent of available insurance proceeds.

38. For this reason, Mr. Hadidane is not a real party in interest in this action and the Underlying Plaintiffs are, instead, the parties in interest with respect to Mr. Hadidane's entitlement to indemnity.

### D. Coverage Issues

39. Oak Crest, SKB, and Accord have tendered the Underlying Suit to Firemen's seeking a defense and indemnity under the Policy.

40. On May 31, 2022, Firemen's wrote to corporate counsel for Oak Crest, advising that it would appoint counsel to represent Oak Crest in the Underlying Action with a reservation of rights. (*See* Ex. C.)

41. Subsequently, by separate letters dated August 11, 2022, Firemen's agreed to defend SKB and Accord, as well as Accord's employee, Hadidane, subject to reservations of rights, based primarily on the grounds that they are not insureds or additional insureds under the Firemen's Policy. (*See* Ex. D and E.)

42. Firemen's is presently uncertain as to its rights and obligations with respect to the duty to defend because of certain coverage issues raised by the allegations of the Complaint in the Underlying Suit.

43. Specifically, neither SKB nor Accord are listed as insureds or additional insureds under the Policy and, therefore, are not entitled to defense and indemnity under the Policy.

44. In addition, neither SKB nor Accord are newly acquired or formed companies of Oak Crest.

45. Additionally, SKB and Accord filed corporate disclosures in the Underlying Suit asserting that they have no parent corporations.

46. Accordingly, neither SKB nor Accord are entitled to defense or indemnity under the Policy in connection with the negligence claims in the Underlying Suit.

47. Similarly, Mr. Hadidane as an employee of Accord is not entitled to coverage under the Policy and, therefore, the Underlying Plaintiffs are not entitled to any indemnity proceeds from the Policy in the event that they obtain a judgment in the Underlying Suit.

## COUNT I: DECLARATORY JUDGMENT
### (Against Accord)

48. Firemen's re-alleges Paragraphs 1-47 as if fully set forth herein.

49. The Underlying Suit seeks to recover damages against Accord through its alleged vicarious liability for the actions of its alleged employee, Mr. Hadidane.

50. Accord has sought defense and indemnity from Oak Crest's insurer, Firemen's, in connection with the Underlying Suit.

51. Because Accord is not a named or additional insured under the Policy Firemen's does not owe Accord any duty to defend or any duty to indemnify for the claims asserted in the Underlying Suit.

## COUNT II: DECLARATORY JUDGMENT
### (Against SKB)

52. Firemen's re-alleges Paragraphs 1-47 as if fully set forth herein.

53. The Underlying Suit seeks to recover damages against SKB through its alleged vicarious liability for the actions of its alleged employee, Mr. Hadidane.

54. SKB has sought defense and indemnity from Oak Crest's insurer, Firemen's, in connection with the Underlying Suit.

55. Because SKB is not a named or additional insured under the Policy Firemen's does not owe SKB any duty to defend or any duty to indemnify for the claims asserted in the Underlying Suit.

## COUNT III: DECLARATORY JUDGMENT
### (Against Wolfensberger & Burtner)

56. Firemen's re-alleges Paragraphs 1-47 as if fully set forth herein.

57. The Underlying Suit seeks to recover damages against Hadidane but only to the extent of applicable insurance.

58. Hadidane is an employee of Accord, which is not entitled to defense or indemnity under the Policy. Therefore, Hadidane is not entitled to defense or indemnity under the Policy.

59. Because the Underlying Plaintiffs seek to recover against Hadidane to the extent of applicable insurance, Firemen's seeks a declaratory judgment that it is not obligated to indemnify Hadidane for any claim in the Underlying Suit.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff Firemen's Insurance Company hereby seeks a declaratory judgment that:

(a) Firemen's does not owe any duty to defend or indemnify to Accord with respect to the Underlying Suit;

(b) Firemen's does not owe any duty to defend or indemnify to SKB with respect to the Underlying Suit;

(c) Firemen's does not owe any duty to defend or indemnify to any purported or actual employee or agent of Accord with respect to the Underlying Suit;

(d) Firemen's does not owe any duty to defend or indemnify to any purported or actual employee or agent of SKB with respect to the Underlying Suit;

(e) Because SKB and Accord (and their employees and/or agents) are not insured under the Firemen's Policy, Firemen's may withdraw its defense of SKB, Accord, and Hadidane in the Underlying Action; and

(f) Because no employee or agent of SKB and/or Accord is entitled to defense or indemnity under the Policy, the Underlying Plaintiffs have no claim for the proceeds of the Policy.

## JURY DEMAND

Firemen's demands a trial by jury of all claims so triable.

DATED this 22nd day of March, 2023.

Respectfully submitted,

_____

William H. White Jr., Esq. (Federal I.D. No. 13969)
Andrew S. Bassan, Esq. (Federal I.D. No. 20613)
Kiernan Trebach LLP
1233 20th Street NW, 8th Floor
Washington, D.C. 20036
Tel: (202) 712-7000
wwhite@kiernantrebach.com
abassan@kiernantrebach.com

*Counsel for Plaintiff*
*Fireman's Insurance Company of Washington, D.C.*